THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RENAN SERRACANTE-GIERBOLINI, ET AL.<br><br>    Plaintiffs,<br><br>    v.<br><br>ESSO STANDARD OIL COMPANY PUERTO RICO,<br><br>    Defendant. | Civil No. 20-1300 (ADC) |

**OPINION AND ORDER**

Pending before the Court is defendant Esso Standard Oil Company Puerto Rico's motion to dismiss. **ECF No. 26**. Plaintiffs filed a response and a "counter motion for summary judgment." **ECF No. 29**. Defendant replied. **ECF No. 30**.

For the reasons stated herein, the motion to dismiss at **ECF No. 26** is **GRANTED**.

**I.    Factual and Procedural Background**

On May 15, 2020, Renan Serracante-Gierbolini, Carmen Serracante-Gierbolini, and Guillermo Antonio Serracante-Gierbolini ("plaintiffs"), sole members of the Don Antonio Serracante Estate, filed the instant action for breach of contract against defendant. *See* **ECF No.**

**1-1**. The complaint, originally filed in state court,[1] was successfully removed to this Court. *See* **ECF No. 24**.

According to the complaint, plaintiffs own a property in Aibonito, Puerto Rico. Defendant leased the property to operate a gasoline and service station with underground storage tanks (hereinafter "UST"). **ECF No. 1-1** at 3. Plaintiffs concede, however, that since 2003, defendant ended the lease, abandoned the property, and removed the USTs. **ECF No. 29** at 2. The property became contaminated at some point during the lease and operation of the service station. *Id*.; **ECF No. 1-1**.

Plaintiffs first filed suit against defendant in 2007 in state court. *Sucn. Serracante v. Esso Standard Oil Company*, Civil No. BAC2007-0146. After the voluntary dismissal of the first case, plaintiffs filed a second action against defendant in this District Court. *Serracante v. Esso Standard Oil Co.*, Civil No. 09-1326 (DRD). **ECF No. 29** at 1. On July 22, 2011, the parties entered into a Confidential Settlement Agreement and Release ("settlement agreement") "whereby the parties settled the claims." *Id*., at 2. The "main consideration," according to plaintiffs, was for defendant to remediate and decontaminate the property "as required by law." *Id*.

Plaintiffs filed this action because, according to them, "there has been no significant remediation," for more than nine years since the parties reached an agreement and executed the settlement agreement. *Id*. Thus, in May 15, 2020, plaintiffs, once again, filed suit in state court

---

[1] *Renan Serracante Gierbolini, et al., v. Esso Standard Oil Company (Puerto Rico)*, Civil No. AI-2020-CV00119.

Case 3:20-cv-01300-ADC   Document 36   Filed 03/10/22   Page 3 of 11

Civil No. 20-1300 (ADC)                                                                                        Page 3

alleging defendant had breached the settlement agreement by failing to perform and comply with its obligations in connection with the decontamination of the property. **ECF No. 1-1**.

After removing the case to this Court, defendant moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). **ECF No. 26**. Plaintiffs filed a response and a "counter motion for summary judgment." **ECF No. 29**. Defendant replied and asked the Court to stay briefing on plaintiffs' motions for summary judgment, which would be moot if the Court were to grant the motion to dismiss. **ECF No. 30-1**. Plaintiffs did not move for leave to file a sur-reply but rather opposed defendant's request for a stay. **ECF No. 31**.

## II.     Legal Standard

It is well settled that in reviewing a motion for failure to state a claim upon which relief can be granted, the Court accepts "as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52–53 (1st Cir. 2013) (citation and internal quotation marks omitted). Only "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

The First Circuit established a two-prong test to evaluate "plausibility" under Fed. R. Civ. P 12(b)(6). *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (discussing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). First, the court must "isolate and ignore statements in the complaint that simply offer

legal labels and conclusions or merely rehash cause-of-action elements." *Schatz c. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79.

Second, the court must then "take the complaint's well-[pleaded] (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55. Plausible "means something more than merely possible." *Id*. (citing *Iqbal*, 556 U.S. at 678-79). To survive a Rule 12(b)(6) motion, a plaintiff must allege more than a mere "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.[2]

## III. Discussion

The case at hand raises only one issue. According to plaintiffs, defendant has taken more than nine years in completing the remedial or decontamination process of plaintiffs' property. **ECF No. 1-1**. This is also plaintiffs' sole defense and argument against defendant's motion to dismiss. *See* **ECF No. 29**. Even though the focal point of this case is the settlement agreement, the only portion of the settlement agreement cited in the complaint is paragraph 4, which states the following:

---

[2] "[W]e realize too that we can consider (a) implications from documents attached to or fairly incorporated into the complaint, (b) facts susceptible to judicial notice, and (c) concessions in plaintiff's response to the motion to dismiss. *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55–56 (1st Cir. 2012)(quoting *Arturet–Vélez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005)(internal quotation marks omitted).

> Esso or its consultants or contractors will conduct the remediation activities of its former USTs and associated piping at the site under the direction and authority of the EQB [Environmental Quality Board] of Puerto Rico. Esso will initiate work on the remediation process within 2 months of the execution of this agreement. Esso's obligation to conduct remediation at the site extends only to work required of it by EQB and does not include any work relating to contamination for which Esso has no responsibility to remediate under the law. Notwithstanding the above, Esso will also conduct testing of the water well located on Mr. Renan Serracante's property, and if such testing reveals the presence of contamination which could reasonably be attributed to Esso's activities at the service station, Esso will conduct appropriate remediation work required by applicable EQB regulations.

**ECF No. 1-1** at 5. Based on the agreements contained in the above cited paragraph, plaintiffs assert that in nine years "defendant has not performed the work it committed itself to." *Id*. Instead, plaintiffs aver, defendant and its contractors have only drilled and taken soil samples without any further decontamination action. *Id*. The complaint further states that the lack of the remedial action has allowed the contamination to spread beyond plaintiffs' property.

Defendant, on the other hand, moves to dismiss the complaint under a very simple argument: plaintiffs have not identified an obligation under the settlement agreement breached by defendant. Specifically, defendant contends, the "parties' settlement did not impose a deadline for remediation or guarantee it would be completed by a certain date." **ECF No. 26** at 1. Instead, the parties agreed "that Esso would initiate remediation within two months of the settlement and continue at the pace required by Puerto Rico's Environmental Quality Board ("EQB")." *Id*. Accordingly, defendant adds, it "kicked off the work on schedule, and [p]laintiffs do not identify any EQB deadlines that [defendant] missed or work required by EQB that [defendant] failed to perform." *Id*., at 1-2.

In its response, plaintiffs concede that the settlement agreement "does not contain a set date for performance." **ECF No. 29** at 10. However, plaintiffs point out that under Puerto Rico law obligations without a specific deadline must be performed "within a reasonable time." *Id.*, (citing *De La Haba De R. Fuertes v. Gay & Co.*, 52 P.R.R. 568 and others). Considering the fact that more than nine years have elapsed without affirmative remedial action, plaintiffs hold defendant in default and claimed it has breached the agreements between them. **ECF No. 29** at 10-11.

Even though the Court empathizes with plaintiffs' situation and recognizes that a nine-year period could be held to exceed a "reasonable period of time", the fact remains that plaintiffs have failed to identify a single obligation under the settlement agreement that has been breached by defendant. After all, to quote plaintiffs, "this is an action for breach of contract." **ECF No. 29** at 1. Thus, assuming the well-pled allegations in the complaint are true, the Court still must find an obligation within the settlement agreement breached by defendant in order to deny defendant's motion under Fed. R. Civ. R. 12(b)(6). It cannot.

The complaint and plaintiffs' response at **ECF No. 29** do not go beyond the claim that defendant has taken more than nine years to perform remedial actions on the contaminated site. As a matter of fact, aside from the above-cited paragraph 4, plaintiffs offer no discussion whatsoever of the obligations undertaken by defendant at the time it executed the settlement agreement. Contrary to plaintiffs' one-dimensional argument, a reading of the terms and conditions contained in the clause at issue (paragraph 4 of the settlement agreement) shows that the complaint fails to state a claim for relief.

> Esso or its consultants or contractors will conduct the remediation activities of its former USTs and associated piping at the site under the direction and authority of the EQB [Environmental Quality Board] of Puerto Rico. Esso will initiate work on the remediation process within 2 months of the execution of this agreement. Esso's obligation to conduct remediation at the site extends only to work required of it by EQB and does not include any work relating to contamination for which Esso has no responsibility to remediate under the law. Notwithstanding the above, Esso will also conduct testing of the water well located on Mr. Renan Serracante's property, and if such testing reveals the presence of contamination which could reasonably be attributed to Esso's activities at the service station, Esso will conduct appropriate remediation work required by applicable EQB regulations.

The first sentence of paragraph 4 of the settlement agreement sets the tone for the rest of the paragraph. It states that the defendant or its contractors "will conduct the remediation activities… **under the direction** and authority of the EQB [Environmental Quality Board] of Puerto Rico." **ECF No. 1-1** at 5; **ECF No. 29**, n.2 (emphasis added). Thus, defendant's remediation activities must be directed by the EQB. Notably, it does not state the degree of "direction" the EQB will provide, nor does it state what are the "remediation activities."

Next, the clause cited by plaintiffs provides a timeframe for defendant to commence the work. To wit, defendant "will initiate work on the remediation process within 2 months of the execution of this agreement." **ECF No. 1-1** at 5. This obligation, however, is not relevant in this case because plaintiffs have not charged defendant with failing to initiate the remediation process within the first two months of the execution of the settlement agreement.

Immediately after, the parties stipulated and agreed that defendant's "**obligation** to conduct remediation at the site **extends only** to work **required** **of it by EQB** and does not include any work relating to contamination for which Esso has no responsibility to remediate under the

law." **ECF No. 1-1** at 5 (emphasis added). There is not one single allegation in the complaint stating the work required by the EQB, or even more generally, claiming that defendant has in any way, shape or form failed to comply with the work or exigencies of the EQB.

The same goes for defendant's obligation regarding plaintiffs' water well, which is the next sentence in the clause referenced by plaintiffs. To wit, the complaint is devoid of allegations stating that defendant has failed to "conduct appropriate remediation work required by applicable EQB regulations." **ECF No. 1-1** at 5. A general claim that defendant has been slow (even if true) has no bearing on what the EQB regulations requires or the specific tasks it has or has not required from defendant through these nine years.

Notably, the complaint is silent with regards to the "regulations," "requirements," "direction," and "authority" of the EQB in this case, if any. Furthermore, a plain reading of the settlement agreement's text highlighted by plaintiffs would suggest that defendant needed at least some approval or instruction from the EQB in performing its obligations. However, the complaint does not even hint that defendant has acted without such approval or that it has failed to follow the EQB's "direction" during any given stage of the remedial process.

The Court further underscores that the text under review states in unambiguous terms that the obligation undertaken by defendant to perform remediation work "extends only to work required" by the EQB. Under such clear terms, even if the Court applied Puerto Rico caselaw holding that parties to an agreement are bound to perform their obligations within a reasonable amount of time, the complaint would still fail to state a claim for relief. The reasonableness of

the period of time to perform the obligations in this case, be it nine years or thirty days, is solely dependent and relative to EQB's "requirements," "direction," and regulations (at least from a plain reading of section 4 of the settlement agreement). Because there is no indication within the four corners of the complaint or any other document in the docket of the "requirements" or "direction" of the EQB, if any at all, the Court is precluded from conducting any analysis on the reasonableness of the time it has taken defendant to perform under the settlement agreement. Much less can the Court determine if defendant has failed to follow any of the regulations, instructions or requirements of EQB, which, after all, is what defendant agreed to undertake via settlement.

To illustrate the point, the Court need only peek at a sample of plaintiffs' "counter motion for summary judgment" where plaintiffs admit that some remedial work other than simple core sampling has been performed by defendant's contractors. To wit, as a proposed statement of uncontested material facts, plaintiffs proffered that defendant "conducted some limited remedial activities, consisting of sporadic manual recovery events between 2012 and 2013 to extract [Non Aqueous Phase Liquid "NAPL"] from the groundwater in the Property, and a few Vacuum Events (8 in total between November 2013 to February 2014) to extract NAPL from the groundwater in the Property." **ECF No. 29** at 13. Because all discussion regarding EQB's regulations or requirements in connection with defendant's work is missing, the Court is unable to determine if these "limited remedial activities" were performed within a reasonable period of time (following plaintiffs' reasoning) or if they were made pursuant to the requirements of the

EQB and, thus, whether this performance constitutes a breach of the settlement agreement or not.

In light of all the above, the complaint fails to state well-pleaded factual allegations that "plausibly narrate a claim for relief." *Schatz c. Republican State Leadership Comm.*, 669 F.3d at 55. It is thus clear that plaintiff failed to include allegations or a "plain statement" discussing the obligations or duty under the settlement agreement that defendant allegedly breached. Fed. R. Civ. P. 8(a). Sifting through conclusory allegations, the Court finds that the complaint fails to plausibly state a claim for breach of contract as it pertains to defendant's undisclosed actions or omission that constitute a breach of the settlement agreement. Plaintiffs did not include a single well-pled allegation stating facts to carry their claims from mere discontent with the time it has taken defendant--under the "direction" of the EQB--to perform certain unknown obligations to a plausible claim for relief for breach of contract.

Aside from the technical flaws of the complaint, the Court also notes that a similar claim was denied by another Judge in this District Court. In January 26, 2016, plaintiffs asked the Court to order defendant to "proceed to decontaminate the property" within a year because, in plaintiffs' view, defendant had not "diligently decontaminated the property." **Civil No. 09-1326(DRD)**, **ECF No. 133** at 1-2. Addressing that claim and others, the Court entered a "Stipulated Order" ordering plaintiff not to "interfere with Esso or its consultants' access to the property be it physically or verbally." **Civil No. 09-1326 (DRD)**, **ECF No. 145** at 1-2. Importantly, the Court did not grant plaintiffs' request for a deadline. Instead, the Court recognized that

plaintiffs were denying defendant access to the property and ordered them to cease all interference with defendant's work. In other words, the record suggests that five years after the execution of the settlement agreement, plaintiffs denied defendant access to perform the work.

**IV.   Conclusion**

Defendants' motion to dismiss at **ECF No. 26** is **GRANTED**. Accordingly, plaintiffs' "counter motion for summary judgment" at **ECF No. 29 is DENIED as MOOT**. Plaintiff's complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of March, 2022.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**